UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.     CASE NO: 2:18-cr-39-FtM-UAMRM

KENDAL JAMES CURRY

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion in Limine and Motion for Bill of Particulars (Doc. #74) filed on October 19, 2018. The Government filed a Response (Doc. #80) on October 26, 2018, and defendant filed a Reply (Doc. #90) on November 8, 2018. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

The Indictment in this case alleges that defendant knowingly possessed with intent to distribute, and distributed, marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count I) and knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II). As to Count II, defendant argues that (1) the Government's evidence disclosed during discovery is insufficient to support a conviction; (2) defendant is entitled to a bill of particulars requiring the Government to identify which firearm defendant

allegedly possessed; and (3) the Government should be prohibited from introducing certain "gun evidence" at trial.

**II.**

Defendant argues that the Government's evidence disclosed during discovery is insufficient to support a conviction on Count II. It is well settled, however, that no procedural device exists in criminal cases "for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992); United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (noting that "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial" (citation and quotation omitted)). Thus, to the extent that defendant seeks a dismissal of the Indictment based upon a pre-trial determination of the sufficiency of the evidence disclosed during discovery, the motion is denied.

As to defendant's application for a bill of particulars, defendant requests that the Court compel the Government to identify the firearm it alleges that defendant illegally possessed. Specifically, defendant contends that it is unclear to him which firearm the Government alleges he possessed because, although the Indictment states that defendant possessed "a firearm," the Government intends "to present evidence of more than one gun at trial." (Doc. #74, p. 4.)

Under Federal Rule of Criminal Procedure 7(f), the Court, in its discretion, may direct the Government to file a bill of particulars. A bill of particulars "inform[s] the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). It may not, however, be used to seek generalized discovery. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (citation omitted). Instead, the purpose of a bill of particulars is to "supplement[] an indictment by providing the defendant with information *necessary* for trial preparation." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

Here, relying on United States v. Dortch, 696 F.3d 1104 (11th Cir. 2012), United States v. Brown, 151 F. App'x 787 (11th Cir. 2005), and United States v. Williams, 334 F.3d 1228 (11th Cir. 2003), the Government argues a bill of particulars is not warranted in this case because it is not required to specify which firearm defendant allegedly possessed in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Court finds those cases unpersuasive, however, because they dealt with whether the indictment needed to provide specific details about the firearms allegedly possessed by the defendants. Dortch, 696 F.3d at 1112; Brown, 151 F. App'x at

792-93; Williams, 334 F.3d at 1231-32.  The issue in this case, however, is whether a bill of particulars is appropriate where the Indictment charges "a firearm" and the Government asserts that multiple firearms may satisfy its burden of proof.  The Court concludes that a bill of particulars is required.

The Court finds the Government's identification of the firearm it alleges defendant illegally possessed necessary for defendant's trial preparation as to Count II.  The Indictment alleges defendant possessed "a firearm . . . ."  (Doc. #1, p. 2.) The government asserts that any or all of multiple firearms can satisfy its burden.  The Court finds the Government's identification of this single firearm necessary for defendant's trial preparation, Dortch, 696 F.3d at 1112, and to preclude what would otherwise be an unlawful amendment to the Indictment.  The Court therefore grants defendant's application for a bill of particulars to the extent that the Government shall identify the single firearm it alleges defendant illegally possessed as charged in Count II of the Indictment.

Lastly, defendant requests that the Court prohibit the Government from introducing at trial "any additional gun evidence."  Evidence of such other firearms may or may not be admissible, but certainly reference to such firearms would be unduly prejudicial unless one or more is admitted.  The Court therefore grants defendant's Motion in Limine to the extent that

the Government may not refer to such other firearms without prior approval of the Court.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion in Limine and Motion for Bill of Particulars (Doc. #74) is **GRANTED** to the extent that **on or before November 28, 2018,** the Government shall file a Bill of Particulars identifying the single firearm it alleges defendant illegally possessed in violation of 18 U.S.C. § 924(c)(1)(A)(i) as charged in the Indictment.

2. The motion is further **GRANTED** to the extent that the Government may not refer to other firearm evidence, aside from the firearm it identifies in its Bill of Particulars, without prior approval of the Court.

3. The motion is otherwise **DENIED** as set forth above.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of November, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record